# Howell *versus* Commonwealth ex rel. Keppelman.

An ordinance of the city of Reading, provides that "the clerk of Select Councils, shall give bond * * * with two sufficient sureties, to be approved by councils, conditioned for the faithful performance of his duties, and before he enters upon his office, shall also take and subscribe an oath, etc." *Held*, that the giving of the bond with sureties, and having the same approved, are conditions precedent to the right of exercising the duties, and enjoying the emoluments of the office.

March 4th 1881.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Berks county:* Of July Term 1879, No. 65.

Quo warranto by the Commonwealth of Pennsylvania, ex rel. J. H. Keppelman against Edward A. Howell, commanding him to show by what authority he exercises the office of clerk of select council and ex officio city clerk of the city of Reading.   The suggestion of the relator set forth that on April 7th 1879, the relator was duly elected clerk of select council and ex officio city clerk of the city of Reading, and took the oath of office, whereby he was entitled to perform the duties and receive the salary of such office; but that the respondent, his predecessor in office, continued unlawfully to hold and usurp the said office.   The plea of the respondent set forth that by an ordinance of the city of Reading approved December 4th 1875, it was provided as follows: "Section. 2. The clerk of the select council shall give bond to the city in the sum of ten thousand dollars, with two sufficient sureties, to be

[Howell v. Commonwealth.]

approved by councils, conditioned for the faithful performance of his duties; and *before he enters upon his office*, shall *also* take and subscribe an oath or affirmation ·before the president of the select council to support the Constitution of the United States, and of this Commonwealth, and honestly to keep an account of all public moneys and property intrusted to his care, and to discharge the duties of his said office with fidelity." That the relator's suggestion for the writ did not set forth that the relator gave the required bond and that it was approved by councils, but that, in fact, he did present a bond with two sureties, which bond was on April 28th 1879, "rejected" by a majority vote of the select council, and that he has not given any approved bond in lieu thereof. Further, that the respondent being the then lawful incumbent, by law held over in the said office until his successor should be duly qualified.

Demurrer to plea and joinder therein.

The court, SASSAMAN, A. L. J., held that under the ordinance, the duty of the relator to give a bond was a ministerial or official duty, and not a condition precedent to his assuming the office, to which he had been duly elected and sworn in; that the only duty of councils was to approve or disapprove of the sureties, and that such disapproval was not sufficiently set forth in the plea, which merely stated that the bond was rejected by the council. The court, therefore, on June 18th 1879, entered judgment of ouster against the respondent in favor of the relator.

The respondent took this writ of error, assigning for error the said decree.

*D. H. Wingard* and *Chester N. Farr*, for the plaintiff in error.— Quo warranto was not the proper remedy. The clerk of Select Council is an office held at the will of the council, and where the order of the court on a quo warranto could be rendered nugatory by the council immediately discharging their clerk, the court will not act: Act of May 23d 1874, sect. 5, Pamph. L. 230; Ordinance of City of Reading, February 14th 1876; High's Extraordinary Legal Remedies, sects. 632, 645; People v. Hills, 1 Lansing 202. Mandamus to select council was the appropriate remedy: State v. Lewis, 10 Ohio St. 128. The office of city clerk is a most important one. It was Howell's duty, as the lawful incumbent, not to turn over the office until there was a responsible officer who had given bonds·: Dillon on Municipal Corp. 157, 158. The approval of the bond is a condition precedent to entering upon the duties of the office: Ordinance of December 24th 1875, *supra;* Commonwealth v. Cluly, 6 P. F. Smith 270. The relator was not aggrieved by the respondent, and the question whether the bond was properly or improperly rejected by select council cannot be raised in this proceeding to which the council is not a party.

[Howell *v.* Commonwealth.]

*Richmond L. Jones,* for the defendant in error.—The respondent, as clerk of select council, went out of office with the select council whose creature he was. He had no right to hold over to the next council. Ordinances prescribe that certain city officers shall hold over till their successors are elected and qualified, but there is no such ordinance as to the clerk of select council. It was not necessary for the clerk of select council to give any bond at all. But as the ordinance makes the clerk of select council ex officio city clerk, the ordinance requires a bond with sureties to be approved by select and common council. The bond was not a condition precedent. It was, as matter of fact, rejected by a single vote, the reason for which appears in the following minute : "Mr. Stark, after reviewing his career as a democrat, stated that the reason he did not vote for the approval of city clerk Keppelman's bond was because Keppelman would not give the ninth ward the water clerkship. On motion of J. G. Young and C. Bauknecht a vote of thanks was tendered to John Stark for this very able explanation."

The bond has been in fact since approved and Keppelman installed. The term of office in dispute expired more than a year ago. Keppelman has been re-elected and now holds, and the case ought not to be in this court.

Mr. Justice MERCUR delivered the opinion of the court May 2d 1881.

The relator sought by this writ of quo warranto to oust the plaintiff in error from the exercise of the office of clerk of the select council of the city of Reading, and *virtute officii* city clerk in and for said city, and to put him (the relator) therein. The question presented by the plea and demurrer is whether the relator was duly qualified in law to assume the duties of the office.

"Sect. 2 of the ordinance of said city declares ' the clerk of the select council shall give bond to the city in the sum of $10,000, with two sufficient sureties, to be approved by councils, conditioned for the faithful performance of his duties, and before he enters upon his office shall also take and subscribe an oath or affirmation before the president of the select council to support the Constitution of the United States and of this Commonwealth, and honestly to keep an account of all public moneys and property intrusted to his care, and to discharge the duties of his said office with fidelity.' The clerk is elected by the joint action of the city councils. The ordinance of 14th February 1876, provides that the clerk shall hold his office for the period of one year and until his successor shall have been duly elected and qualified. The plaintiff in error had been duly elected and qualified for the previous year which had expired. The relator had been duly elected, taken the oath of office and presented a bond which was rejected by the select coun-

[Howell *v.* Commonwealth.]

cil. After its rejection the relator did not present nor offer to present any other or sufficient bond in lieu thereof. He nevertheless claimed a legal right to assume the duties and enjoy the emoluments of the office."

It is contended on behalf of the relator that the ordinance does not require the bond to be given and approved before he enters on his office. The manifest object of requiring the bond is more fully to protect the public, and to obtain the additional protection given by the sureties against any improper conduct of the clerk. If the bond shall not be given before he enters on the duties of his office, when shall it be given? It is conceded that it shall be at some time. Shall it be at the middle of his term, or on the last day thereof. When given, shall it relate back to the beginning of his term, and cover past transactions, or shall its protective power be restricted to subsequent acts? Sound reason requires the security to extend over the whole term, and to commence with the first act of the officer. Public policy forbids that any security required of a municipal officer should be waived. It should not be postponed until irreparable mischief may have been done.

Looking at the language of the ordinance, it declares he shall "also take and subscribe an oath." The definitions of "also," given by Worcester, are "in the same manner," "likewise," "too," "in addition." The command is not merely that he take the oath alone, but that he shall take it in addition to doing some other act. That other act is to give the bond. If this word "also" did not refer to the bond as well as to the oath it would not only be useless, but senseless. Every reasonable presumption connects the two together; then he shall give the bond and "likewise" take the oath. It is unquestioned that he must take the oath before he enters on the office. If it must be "in the same manner" of time that the bond must be given, then both acts must, in like manner, be performed before he enters on the office. Thus we think a reasonable construction of the language shows it to be in harmony with the true intent and spirit of the ordinance. As, then, the relator had not duly qualified himself to fill the office, it follows he had no right to invoke the aid of this writ to put himself therein. It is no answer to say he had tendered a bond with two sureties. It was not approved by the councils, to whom the sole power of approval was given. They are presumed to have acted justly and prudently in rejecting it. If their conduct was illegal, the remedy of the relator was against them. The motives influencing their action cannot be inquired into in this case, to which they are not a party. The learned judge, therefore, erred in entering judgment in favor of the relator, and the assignments are sustained.

> Judgment reversed, and judgment in favor of the plaintiff in error on the demurrer; and it is ordered that the said Edward A. Howell be restored to his office as

[Howell *v.* Commonwealth.]

clerk of select council of the city of Reading, unless his term has expired by its original limitation. It is further ordered that the relator, John H. Keppelman, pay the costs in this court and in the court below.